UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LATROY LEWIS,<br>MICHELLE LEWIS,<br><br>        Plaintiffs,<br><br>        v.<br><br>SERGEI SIDELNIKOV,<br>FORTUNA TRANSPORT,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:23-cv-02104-JPH-TAB<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFFS' MOTION TO REMAND**

**I.   Introduction**

Plaintiffs LaTroy Lewis and Michelle Lewis have filed a motion to remand this action to Marion Superior Court, asserting the amount in controversy does not exceed $75,000. Plaintiffs' argument is premised on the fact that Defendants' settlement offer was less than $75,000, and Plaintiffs' response to that offer. As explained below, a case does not need to be remanded simply because a the parties may be willing to resolve the case for less than $75,000. The amount in controversy requirement has been met in this case, and Plaintiffs' motion to remand [Filing No. 10] is denied.

**II.   Background and Discussion**

On October 27, 2023, Plaintiffs filed a complaint for damages in Marion Superior Court for alleged injuries incurred in a vehicle collision in Wyoming in December 2022. [Filing No. 1-2.] On November 21, 2023, Defendants removed the case to this Court based on diversity jurisdiction. [Filing No. 1.] One week later, Plaintiffs moved to remand the case to Marion

Superior Court on the ground that the amount in controversy jurisdictional requirement has not been met. [Filing No. 10.] Defendants oppose the motion. [Filing No. 14.]

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions among citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A motion to remand may only be granted if the case removed from state court could not have been brought in federal court originally for lack of subject matter jurisdiction. *See* U.S.C. §§ 1441(a), 1447(c). Defendants bear the burden of showing that removal is proper. *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020) ("As the party invoking federal jurisdiction, [the defendant] bears the burden of establishing [the plaintiff's] Article III standing."). Thus, Defendants, as the party removing the case to federal court, have "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). "Once it has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Id.*

Neither side disputes that there is complete diversity between the parties or that Defendants timely filed their notice of removal. Rather, Plaintiffs' entire argument is that the amount in controversy requirement has not been met. Plaintiffs argue that, based on the current negotiations "at this time," the amount in controversy does not exceed $75,000, and therefore remand is required. [Filing No. 10, at ECF p. 3.] Plaintiffs argue that Defendants "could have resolved both claims for the sum of $75,000 for each Plaintiff at the time of filing their Removal Action." [Filing No. 10, at ECF p. 3.] Plaintiffs' argument misses the mark.

The Seventh Circuit has set forth several ways a court may determine that the amount in controversy requirement has been met: (1) by contentions interrogatories or admissions in state

2

court; (2) by calculation from the complaint's allegations; (3) by reference to the plaintiffs' informal estimates or settlement demands; or (4) by introducing evidence, in the form of affidavits from the defendants' experts, about how much it would cost to satisfy the plaintiffs' demands. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). As the removing party, Defendants need to provide "only a good faith estimate [of the amount in controversy] that is plausible and adequately supported by the evidence." *Schutte v. Ciox Health, LLC*, 28 F. 4th 850, 854 (7th Cir. 2022).

In this case, Plaintiffs' written demand letters to Defendants' insurer satisfy the amount in controversy requirement. Plaintiffs' alleged damages exceed $75,000. On July 24, 2023, Plaintiffs' counsel issued a demand letter to Defendants' insurer claiming Plaintiff Michelle Lewis incurred $167,973.72 in total loss of business income following the accident, as well as $9,804.55 in medical expenses, and offered to accept $250,000 to settle the claim. [Filing No. 14-1, at ECF p. 4-5.] A few days later, on July 28, 2023, Plaintiffs' counsel issued a demand letter on behalf of Plaintiff LaTroy Lewis alleging medical expenses in the amount of $21,160.55, with an offer to settle the claim for $125,000. [Filing No. 14-2, at ECF p. 4-5.] Plaintiffs' written monetary demands amount to a good faith estimate that is plausible and supported by the evidence, demonstrating that the amount in controversy requirement had been met.

Plaintiffs maintain that Defendants' settlement offer of $60,000.00 in response to Plaintiffs' demand constitutes evidence that the amount in controversy requirement has not been met. However, a settlement offer issued by Defendants' insurer cannot be taken to accurately represent the amount Plaintiffs have put into controversy. *See, e.g., Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 429 (7th Cir. 1997) (holding offer from the defendant does not

3

accurately represent the amount the plaintiff put in controversy). *See also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) ("A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold.") Thus, the settlement offer from Defendants' insurer is hardly the linchpin in determining jurisdiction.

Moreover, Plaintiffs declined to stipulate to removal based on Defendants' pre-litigation offers, which were less than $75,000. While Plaintiffs later amended their demand to $75,000 for each Plaintiff in this action, this is irrelevant to the question of whether Defendants properly removed this matter to this Court. [Filing No. 10-1.] As explained above, the amount in controversy requirement has been met through Plaintiffs' written demand letters. Plaintiff Michelle Lewis stated in her demand letter that the collision damaged her trailer, with repair costs exceeding $6,000 and insurance deeming it a total loss. She explained that she went to the emergency department after the accident as well as follow up medical care, with medical bills totaling over $9,000. Finally, she explained that she operated a business as a subcontractor, and her business interruption loss of income from the date of the collision caused over $167,000 in total loss of income. The sum requested by Lewis unequivocally surpassed $75,000, is plausible, and is not legally impossible for her to recover. *See, e.g., Industrial Maintenance Engineering, Inc. v. Johnson*, No. 2:20-cv-659-JMS-DLP, 2021 WL 4902376, at *6 (S.D. Ind. Oct. 21, 2021) ("Uncertainty about whether the claimant can prove its substantive claim and whether damages . . . will exceed the threshold does not justify dismissal. Therefore, subject-matter jurisdiction

exists unless it is clear beyond a legal certainty that the claimant would not be entitled to recover an amount sufficient to satisfy the jurisdictional amount." (Internal citation omitted)).

Plaintiff LaTroy Lewis also demanded over $75,000 to settle his claim against Defendants. [Filing No. 14-2.] Plaintiffs cite to *Clark ex rel. A.C. v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007), which highlights the well-settled law that separate claims of multiple plaintiffs against a defendant cannot be aggregated to meet the amount in controversy requirement. However, this argument is irrelevant. Defendants did not allege the amount in controversy had been met through aggregating claims. As explained above, Michelle Lewis' claim unequivocally surpassed the amount in controversy requirement. LaTroy Lewis' demand letter similarly set forth his vehicle damages, medical expenses, and additional evidence of damages, before seeking a demand of $125,000. [Filing No. 14-2.] Furthermore, under supplemental jurisdiction, LaTroy Lewis' claim may be permitted even if it does not independently rise over $75,000. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."). Accordingly, at the time of removal, the jurisdictional requirement for the amount in controversy had been met.

### III.     Conclusion

Diversity jurisdiction exists in this case.  Plaintiffs alleged damages exceed $75,000, exclusive of interest and costs, as evidenced by their written demand to Defendants' insurer. Therefore, Plaintiffs' motion to remand is denied.  [Filing No. 10.]

Date: 1/5/2024

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email